IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| KENNETH HARTLEY | § | |
| | § | |
| v. | § | Civil Action No. 7:17-CV-418 |
| | § | |
| AIG CLAIMS, INC., LEXINGTON | § | |
| INSURANCE COMPANY, AND LARRY | § | |
| BLASINGAME | § | |

## NOTICE OF REMOVAL

Defendants AIG Claims, Inc. ("AIG Claims") and Lexington Insurance Company ("Lexington") file this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*., as follows:

### Introduction

1.      This is a property insurance coverage dispute for an insurance claim related to a weather event. On August 18, 2017, the plaintiff, Kenneth Hartley ("Hartley" or "Plaintiff") filed an action styled Cause No. C-3826-17-C, *Kenneth Hartley v. AIG Claims, Inc., Lexington Insurance Company, and Larry Blasingame* in the 139th Judicial District Court of Hidalgo County, Texas.

2.      Defendant AIG Claims was served with process on September 27, 2017. This Notice of Removal is filed within 30 days of the receipt of such service and is, therefore, timely under 28 U.S.C. § 1446(b). Venue is proper in this district and division under 28 U.S.C. §1441(a) because the state court suit in which this case is currently pending is located in this district and division.

3.      This action is removable because there is complete diversity of citizenship between Plaintiff and the defendants properly joined as defendants, and because damages alleged are in excess of $75,000.00. Plaintiff joined Defendant Larry Blasingame ("Blasingame") solely

to defeat diversity jurisdiction, *see Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); and there is no reasonable basis for believing that Plaintiff could recover from Blasingame under applicable state law. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006). Accordingly, this matter is within the jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

### Notice to State Court

4.      AIG Claims and Lexington will promptly file a copy of this Notice of Removal with the clerk of the Hidalgo County District Court, where the lawsuit is pending.

### Notice and Consent

5.      Defendant Lexington has not been served but joins in this notice. Defendant Blasingame has not been served and has 30 days to consent to this removal or file his own notice of removal. *See* 28 U.S.C. § 1446(b)(2)(C); *Chakra 5, Inc. v. City of Miami Beach*, 968 F. Supp. 2d 1210, 1214 (S.D. Fla. 2013).

### Basis For Removal

6.      Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.      The Proper Parties Are Of Diverse Citizenship**

7.      The Plaintiff is Kenneth Hartley, an individual residing in Hidalgo County, Texas, and a Texas citizen.

8.      The Petition names two proper defendants:

- The first named Defendant is AIG Claims, Inc. AIG Claims is a Delaware corporation with its principal place of business in New York, New York. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), AIG Claims is a citizen of Delaware and New York.

- The second named defendant is Lexington Insurance Company. Lexington is an insurance company formed under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Lexington is a citizen of Delaware and Massachusetts.

**B.      Defendant Blasingame Was Improperly Joined And Should Be Dismissed**

9.      Defendant Blasingame is a natural person who, according to the Petition, is a Texas citizen with his domicile in San Antonio, Texas. Blasingame was retained by AIG Claims to act as the outside independent adjuster for the claim (*i.e.*, the local field adjuster), in connection with AIG Claims' adjustment of Plaintiff's claim made under an insurance policy issued by Lexington. Plaintiff is unable, however, to establish a cause of action against the non-diverse defendant (Blasingame) under the facts of this case, thus indicating that Blasingame has been joined solely for the purpose of defeating removal.

10.      As one federal court has recently observed in denying a motion for remand under very similar circumstances, "[t]he instant action is but another of a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in the lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurer in an effort to avoid removal of the case from state to federal court." *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, *13 (N.D. Tex. 2014). This nearly universal practice of suing individual, working men and women who serve as local adjusters, regardless of facts, in connection with an insured's claim against its carrier—for the sole purpose of defeating diversity – has finally become such a recognized abuse that the Texas legislature

stepped in to curb it by passing House Bill 1774, which was signed into law by Governor Abbott on May 26, 2017.[1]

11.    In light of the trend noted in *Plascencia*, Federal courts in Texas have – with increasing frequency – recognized that applicable pleading standards require the dismissal of individual adjusters who are sued based upon vague, conclusory, and boilerplate allegations made with an obvious intent to achieve nothing more than the destruction of diversity jurisdiction.[2] This growing body of authority appears to have developed in recent years as weather-related insurance lawsuits have escalated and the courts have had greater opportunity to observe the pattern and practice in the filing of these lawsuits against carriers and their adjusters.

12.    In this case, Plaintiff asserts generic claims against Blasingame for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and corresponding violations of the Texas Deceptive Trade Practices Act ("DTPA"). *See* Plaintiffs' Original Petition at Sections VIII and XI. The specific factual allegations purportedly supporting the claims against Blasingame are as follows:

- Blasingame and those working at his direction conducted a substandard investigation.

---

[1] Under this Bill, which went into effect on September 1, 2017 (but does not apply to this case because it was filed prior to that date), a carrier may agree to indemnify its assigned adjuster, who has done nothing more than do his or her job on its behalf, thereby eliminating any direct right of action by the insured against the individual adjuster. As a result, many hardworking men and women who climb roofs and talk to insureds for a living will be protected from being repeatedly served with groundless lawsuits at their homes in front of their concerned children.

[2] *See, e.g. Gutierrez v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 3:17-CV-0636-D, 2017 U.S. Dist. LEXIS 84253 (N.D. Tex. 2017); *Vallejo v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:17-CV-94, 2017 U.S. Dist. LEXIS 77929 (S.D. Tex. 2017); *Hidden Cove Park & Marina v. AIG Claims Ins. Co.*, Civil Action No. 4:17-CV-00193, 2017 U.S. Dist. LEXIS 74097 (E.D. Tex. 2017); *Elizondo v. Great Lakes Ins. SE*, No. 7:17-CV-36, 2017 U.S. Dist. LEXIS 54256 (S.D. Tex. 2017); *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, Civil Action No. 4:17-CV-00103, 2017 U.S. Dist. LEXIS 50866 (E.D. Tex. 2017); *Jana Food Serv. v. Nationwide Agribusiness Ins. Co.*, No. 4:16-CV-864-A, 2016 U.S. Dist. LEXIS 169359 (N.D. Tex. 2016); *Mercury Multifamily Mgmt. LLC v. Peleus Ins. Co.*, Civil Action No. 3:16-CV-2557-D, 2016 U.S. Dist. LEXIS 164717 (N.D. Tex. 2016); *Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.*, Civil Action No. 3:16-CV-2376-D, 2016 U.S. Dist. LEXIS 160053 (N.D. Tex. 2016); *McClelland v. Chubb Lloyd's Ins. Co.*, No. 5:16-cv-00108, 2016 U.S. Dist. LEXIS 136087 (W.D. Tex. 2016).

- No attic inspection was performed and no testing for wind damage to shingle adhesive strips or felt was conducted.

- [Blasingame] failed to include many of Plaintiff's covered damages.

- Blasingame improperly denied policy benefits by minimizing scope and improperly denying causation.

- Blasingame misrepresented to Plaintiff that … damage to the Property was not covered.

- Blasingame misrepresented the policy … in correspondence to the insured.

- Exclusionary language clearly inapplicable … was cited by Blasingame.

*See* Plaintiff's Original Petition at Section IV.

13.     Formulaic recitations of the elements of Insurance Code violations, or other claims, are insufficient to identify an actionable claim or basis of recovery. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 547 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009). As such, Plaintiff cannot establish a cause of action against Blasingame in state court, and Plaintiff's Original Petition evidences the badges of improper joinder.[3] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (*citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Thus, the presence of Blasingame in the Plaintiff's Original Petition should be disregarded in determining diversity jurisdiction.

### i.     Certain Claims Do Not Apply to Blasingame

14.     Before analyzing the Plaintiff's Original Petition to determine whether the claims asserted are supported by adequate and case-specific factual allegations, the Court should first recognize that Defendant Blasingame was included in multiple claims and allegations of Code violations that are not applicable to an adjuster. Plaintiff alleges claims against Blasingame that

---

[3] As one court within the Northern District found, these "Badges of Improper Joinder" include factors such as the: (1) use of a standard form petition; (2) absence of any plausible reason for suing the Texas citizen other than to defeat diversity; (3) solvency of the other defendants; (4) financial gain to Plaintiff to join the in-state defendant(s); and (5) presence of an individual adjuster that could generate sympathy that would not exist if the insurer were the only defendant. *See Plascencia v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 135081, at *19 (N.D. Tex. Sep. 25, 2014).

strictly apply to the insurer-insured relationship, and do not establish causes of action against Blasingame – an independent adjuster.

### a.    Breach of Contract and Chapter 542 Violations

15.    For example, in Section XI of the Original Petition, Plaintiff alleges that "Defendants have … breached their contract with the Plaintiff" and that "each Defendants (sic) are liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code." Plaintiff's allegation of Chapter 542 liability as to Blasingame is repeated in Section VIII(a) of the Petition. Moreover, in Section VIII(f), (g), and (h) of the Original Petition, Plaintiff alleges that Blasingame and the other Defendants are liable under common law for "refusing to fully pay," "delaying full payment," and "denying and/or delaying payment" of a claim. Inclusion of Blasingame as a Defendant who is liable for breach of contract (by denying or delaying payment of a claim) and violation of the Prompt Payment of Claims Act does not, however, comport with Texas law.

16.    The elements of a claim for breach of an insurance contract are: (i) the existence of a valid contract; (ii) performance tendered by the insured; (iii) breach of the contract by the insurer; and (4) damages to the inured resulting from that breach." *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ); *accord Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.,* C.A. No. H-15-1307, 2017 WL 1106271 at *6 (S.D. Tex. Mar. 24, 2017); *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.,* 84 F. Supp. 3d 553, 569 (S.D. Tex. 2015) (*citing Block v. Employers Cas. Co.,* 723 S.W.2d 173, 178 (Tex. App.—San Antonio 1986)*, aff'd,* 744 S.W.2d 940 (Tex. 1988)).

17.     Additionally, Section 542.052, entitled "Applicability of Subchapter," provides that Chapter 542 of the Insurance Code "applies to any insurer authorized to engage in business as an insurance company or to provide insurance in the state … ." TEX. INS. CODE § 542.052.

18.     The net effect of the above law is that in order for Plaintiff to sustain claims against Blasingame for breach of contract and violation of Chapter 542, there must first be an insurer-insured contractual relationship, and such a relationship does not exist here. In fact, Plaintiff admits that he does not have an insurer-insured relationship when he states in Sections IV and V of the Original Petition that "Lexington … is Plaintiff's homeowners' insurance company" and that his "homeowners' insurance policy [is] with the Defendants, Lexington Insurance Company and AIG Claims, Inc."[4]

19.     Because there is no insurer-insured relationship between Plaintiff and Blasingame, Plaintiff cannot recover against Blasingame for breach of contract or violation of Chapter 542 of the Insurance Code. Accordingly, Plaintiff's inclusion of such claims against Blasingame should be seen for what it is – an impermissible attempt to defeat diversity jurisdiction.

### b.     Chapter 541 Violations

20.     In a similar fashion, Plaintiff has asserted claims against Blasingame for purported violations of Insurance Code sections that do not apply to Blasingame, as an adjuster.

21.     For example, in Section VIII(a) of the Original Petition, Plaintiff alleges that Blasingame and the other Defendants did "not attempt[] in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear." Plaintiff's allegation in this regard mimics Section 541.060(a)(2)(A) of the Insurance Code,

---

[4] Defendants Lexington and AIG Claims admit that Plaintiff purchased an insurance policy from Lexington, but denies that AIG Claims has an insurer-insured relationship. Rather, AIG Claims simply adjusted the insurance claim at issue.

which prohibits failing to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of … a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2)(A). Because an independent adjuster does not have settlement authority on behalf of an insurer, however, Federal courts have found that this section applies only to insurers, and not adjusters. *See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *accord Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15-CV-3741-D, 2016 WL 931217 at *4 (N.D. Tex. Mar. 11, 2016), and *Lopez v. United Prop. & Cas. Ins. Co.*, F. Supp. 3d 944, 950 (S.D. Tex. 2016). Texas State courts also acknowledge that this section applies "only to the insurer-insured relationship." *Doss v. Warranty Underwriters Ins. Co.*, 04-11-00776-CV, 2010 WL 5874316 at *2 (Tex. App.—San Antonio, Nov. 21, 2012, no pet.); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480 at *10 (Tex.App.–Dallas, Mar. 30, 2016, no. pet. h.).

22.    Similarly, in Section VIII(b) of the Original Petition, Plaintiff alleges that Blasingame and the other Defendants did not conduct a "reasonable investigation." Plaintiff's allegation, again, mimics a Code provision, namely Section 541.060(7), which prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7). As with subsection (a)(2)(A), subsection (a)(7) is inapplicable to adjusters because an adjuster: (i) does not have settlement authority on behalf of the insurance company; (ii) does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder; and (iii) the adjuster's sole role is to assess damage. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d at 724; *see also One Way Investments*, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014).

ii.   **With Respect to Those Claims That May Be Applicable To Blasingame, Plaintiff's Petition Fails to Meet Federal Pleading Standards**

23.    In *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Grp., Ltd.*, the Fifth Circuit directed that "[a] federal court must apply the federal pleading standard" to a removed petition and determine if "enough facts to state a claim to relief that is plausible on its face" are pled therein.[5] 818 F.3d 193, 200-203, 208 (5th Cir. 2016) (*quoting Twombly,* 550 U.S. at 570). This followed the *Smallwood* opinion, mandating that courts must apply a Rule 12(b)(6)-type analysis, which "necessarily incorporates the federal pleading standard." 818 F.3d at 200. The federal pleading standard established by *Twombly* and *Iqubal* requires Plaintiff to provide fair notice of his claims with factual allegations showing that the right to relief is plausible. 550 U.S. at 555-56; 556 U.S. at 678.

24.    With respect to the claims against Blasingame under the Insurance Code, Plaintiff offers the following factual assertions in support these claims:

- "Blasingame … conducted a substandard inspection which is evident in the estimate provided."

- "Blasingame … spent an inadequate amount of time at the subject residence."

- "[Blasingame] failed to include many of Plaintiff's covered damages."

*See* Plaintiffs' Original Petition at Section IV.

25.    In *Okenkpu v. Allstate Texas Lloyd's*, the court addressed similar allegations against an adjuster, including "conducted a substandard inspection," "spent an insufficient amount of time inspecting [the property], as evidenced by [the adjuster's] report, which failed to

---

[5] A claim is not facially plausible where the plaintiff does not plead "factual content that allows the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

include all of the damages," and "those damages ... were grossly undervalued." 2012 WL 1038678 at *7 (S.D. Tex. 2012). Further, allegations that an adjuster "failed to thoroughly investigate the damages" were insufficient to establish a reasonable basis to predict recovery. *Petree v. Metro. Lloyds Ins. Co. of Tex.*, 2016 WL 3090592 at *4 (N.D. Tex. June 2, 2016). Additionally, the Plaintiff in *Lopez v. United Prop. & Casualty Ins. Co.* alleged that the defendant "failed to write up an estimate reflecting the proper repair of Plaintiff's Property." Again, the court held that this type of pleading was inadequate in light of the federal pleading standards. 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016).

26.     Moreover, Plaintiff's assertions in Section VIII of the Original Petition do not pass muster in regard to pleading standards; they provide nothing beyond a rephrasing of the statutory language of the Code violations asserted against Blasingame. *Keen v. Wausau Bus. Ins. Co.*, 875 F. Supp. 2d 682, 688 (S.D. Tex. 2012) (finding plaintiff's allegations were insufficient when plaintiff's claims recited the statutory language and failed to include factual allegations against the in-state defendant).

27.     In regard to the Plaintiffs' claims regarding misrepresentations, they fail to support the claims with the requisite facts to satisfy Federal Rule of Civil Procedure 9(b). *Berry v. Indianapolis Life Ins. Co*., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to claims under the DTPA and Chapter 541 of the Texas Insurance Code). Rule 9(b), "[a]t minimum ... requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015). Here, the Plaintiff's allegations that Blasingame misrepresented coverage or misrepresented the amount of damages are simply statements of Blasingame's assessments as an insurance adjuster. This is

simply a rephrasing of the idea that Plaintiff disagrees with Blasingame's findings, rather than alleging that Blasingame made any knowingly false representations to Plaintiff.

28.     Plaintiff's claims here are merely surface level allegations without any case-specific factual bases. After taking the first analytical step of separating legal conclusions from well-pled facts as against the non-diverse Defendant Blasingame, there are no well-pled facts to assume as true which would "plausibly give rise to an entitlement of relief." *Ashcroft*, 556 U.S. at 678-79.

29.     Plaintiff also seeks recovery under the DTPA. All of the general "factual" allegations have been addressed above under the Code violations apply to the DTPA claims as well. Not only did the Plaintiffs fail to specify which acts by Blasingame trigger DTPA violations, but they failed to plead any facts with particularity.

30.     The DTPA, in relevant part, prohibits "false, misleading, or deceptive acts or practices. TEX. BUS. & COM. CODE ANN. § 17.46. The misrepresentation claims under the DTPA are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to claims under the DTPA and Chapter 541 of the Texas Insurance Code). In *Lopez*, the Plaintiff alleged that the defendant adjuster "represent[ed] that the policy and her adjusting and investigative services had characteristics or benefits that they did not possess or were of a particular standard, quality or grade, when there were of another." 197 F.Supp.3d at 951. Even in this circumstance, the court held that the pleading did satisfy Federal Rule 9(b), because the allegation failed to give the actual characteristics complained of. *Id.* Similarly, the Plaintiffs here claim multiple misrepresentations, but fail to give details regarding the substance of any such representation.

31.     Nowhere in the Petition does Plaintiff give foundational facts on which his claims rest. Defendant Blasingame was simply affixed to the Plaintiff's Petition in an attempt to preclude removal on diversity of citizenship grounds. Accordingly, this Court should disregard the citizenship of this improperly joined defendant and assert its jurisdiction here.

## Amount in Controversy

32.     In his Petition, Plaintiff does not state the amount of monetary relief he seeks. Plaintiff does, however, seek actual damages, exemplary damages, pre- and post- as well as statutory interest, punitive damages for bad faith, treble damages under the DTPA, and attorneys' fees. Moreover, in pre-suit demands, Plaintiff has expressed that he seeks more than $75,000. Based on Plaintiff's description of his claim, the amount at issue (according to Plaintiff's pre-suit demands), exclusive of costs and interest, exceeds the minimum for removal. 28 U.S.C. § 1332(a); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## **Attachments**

33.     Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, the following documents are being filed simultaneously and as exhibits to this notice of removal:

> (1) Index of matter being filed;
> (2) State Court Docket Sheet;
> (3) All executed process in the case;
> (4) Pleadings asserting causes of action;
> (5) All orders signed by the state judge [none];
> (6) A list of all counsel of record.

WHEREFORE, AIG Claims Insurance Company respectfully requests this Court remove this action from the 139th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

/s/ *Raymond L. Gregory*

    Raymond L. Gregory II
    Attorney in Charge
    State Bar No. 08438275
    Southern District of Texas Bar No. 12879
    rlg2@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

ATTORNEY FOR AIG CLAIMS, INC. and
LEXINGTON INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on this 20th day of October, 2017, a true and correct copy of the foregoing was forwarded to all counsel of record, including those indicated below, via any proper method of service allowed by the Federal Rules of Civil Procedure or via any method of service agreed to by the parties:

    Thomas M. Furlow
    Furlow Law Firm, PLLC
    1032 Central Parkway South
    San Antonio, Texas 78232
    tfurlow@furlowlawfirm.com

/s/ *Raymond L. Gregory*
Raymond L. Gregory II